483 P.2d 583

Roger SPACONE, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Pacific Motor Trucking, Respondent Employer,

Pacific Motor Trucking, Respondent Carrier.

1 CA-IC 506.

Court of Appeals of Arizona, Division 1, Department B.

April 13, 1971.

Davis & Eppstein by Robert W. Eppstein, Tucson, for petitioner.

Bilby, Thompson, Shoenhair & Warnock, by T. Scott Higgins, Tucson, for respondent employer and respondent carrier.

William C. Wahl, Jr., Counsel, Phoenix, for respondent, The Industrial Commission of Arizona.

HAIRE, Judge.

On this review of an Industrial Commission award, the petitioner contends that the Commission should have considered medical testimony relating to a probable acceleration of possible future disability, and based thereon should have entered a permanent disability award.

The Industrial Commission claims file shows that the petitioner injured his left hip when he fell out of a truck on August 19, 1968. Before that time, and unknown to him, he had a progressive condition of both hip joints known as aseptic necrosis. Although his claim was initially denied as noncompensable, after formal hearing it was accepted by a Findings and Award for Temporary Disability. Aggravation of the preexisting condition of the left hip was found to have persisted for approximately six months.

The medical witnesses were of the opinion that the preexisting diseased condition of the left hip had been temporarily aggravated by the injury, but that by the time of the hearing the aggravation had ceased. The evidence indicated that at the time of the hearing the petitioner was working at his pre-injury occupation, although not for the same employer. There was no evidence presented to show that he was then suffering from any working disability.

Petitioner urges that the medical testimony shows that because of the effects of the injury, his future disability which will probably result from the natural progress of the aseptic necrosis will probably occur sooner in the left hip than it would have if the injury had not occurred. Based upon this predicate, petitioner contends that the Commission should have entered an award finding permanent disability as a result of the injury.

In our opinion the Commission's award was correct. The Commission was not required to prospectively rule on speculative future disability that may or may not actually result, and which, if it does result, may or may not prove to have some causal relationship to petitioner's industrial injury. Dr. Stanley S. Tanz, one of the orthopedic surgeons testifying at the hearing, emphasized the speculative nature of petitioner's condition. He testified:

 " * * * we've already mentioned this type of disease [aseptic necrosis] can clear up with what is called creeping substitution, but it's extremely rare for it to clear up in the hips. * * * "

Such testimony, although establishing a medical probability of a further worsening of the condition to a permanently disabling point, contradicts the existence of a present permanent disability which *must* underlie an award for permanent disability.

For a case involving a remarkably similar fact situation, *see* Woppert v. Industrial Commission, 14 Ariz.App. 72, 480 P.2d 687 (1971). In that case, the petitioner contended that the residual disability of a prior left hip injury, when combined with the right hip injury then being considered by the court, required that the right hip injury be treated as unscheduled. The court quoted the medical advisory board's report as follows:

 " 'In relation to the left hip which was injured on 1–13–64, it is our opinion that he had a temporary aggravation of a preexisting aseptic necrosis as a result of this injury and has now recovered from this aggravation. His residual symptoms referable to his left hip are now related to the underlying basic disease of his left hip, namely, an aseptic necrosis which is not due to these traumas.' "

The court then stated:

 "In relation to [the above-quoted paragraph] there was medical evidence that while the left leg may eventually and by natural progression reach a condition requiring a prosthesis, nevertheless with the termination of the temporary aggravation the condition was not disabling."

Here, likewise, there was no present disability. When and if the expected future disability occurs, if causally related to his

industrial injury, petitioner will have his remedy in a petition to re-open.

The award is affirmed.

JACOBSON, P. J. and EUBANK, J., concur.