486 P.2d 207

Louis BROCK, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

City of Tempe, Respondent Employer,

State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 568.

Court of Appeals of Arizona, Division 1, Department B.

June 30, 1971.

Morgan & Jerome, by Donald J. Morgan, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel by Harlan J. Crossman, Phoenix, for respondent carrier State Compensation Fund.

HAIRE, Judge.

On this review of an award of the Industrial Commission denying the petitioning employee's claim for benefits, we are asked to decide whether a disability which is caused by or aggravated by emotional stress can render an employee "injured by accident" within the purview of § 23–1041, subsec. A, which states:

"A. Every employee of an employer within the provisions of this chapter who is injured by accident arising out of and in the course of employment, or his dependents in event of his death, shall receive the compensation fixed in this chapter on the basis of such employee's average monthly wage at the time of injury."

The relevant facts are undisputed and as pertinent hereto are as follows: On September 3, 1969, petitioner Louis Brock ran over and killed a woman while operating a water-truck in the course of his employment with the City of Tempe. Petitioner was initially unaware that his truck had struck the woman, and first became aware of the incident when he was advised of the same by the police. Prior to the incident, petitioner had been treated for a depressive anxiety and manic-depressive reaction.

Petitioner's suspension from work pending the police investigation of the incident and his ensuing inability to prove his innocence to his neighbors aggravated these preexisting mental conditions.[1] Finally, the City of Tempe terminated petitioner's employment for reason of his worsened health problems. Although the respondent carrier appears to question somewhat the existence of any causal relationship between the September 3rd incident and petitioner's worsened mental condition, there was competent medical evidence indicating such a causal relationship, and the Commission findings clearly indicate that the Commission assumed the existence of such a relationship.

The Commission's reason for the denial of petitioner's claim is set forth in its Finding 12, which states:

"12. That since there appears to be no Arizona case that holds that purely excessive emotions, *unaccompanied by physical force or exertion,* can be the basis of an accident within the purview of the Workmen's Compensation Law, applicant has not met his burden of proving by a reasonable preponderance of the evidence that he has sustained an injury by accident arising out of and in the course of his employment on September 3, 1969." (Emphasis supplied).

The question as thus framed by the Commission finding is of first impression in Arizona. While our research has taken us to several cases, generally in the context of heart conditions, which refer to the presence of a non-physical stress producing situation as a contributing factor to the condition under discussion, there was also present in each of these cases a physical force or exertion not here present. *See, for example,* Rutledge v. Industrial Commission, 9 Ariz.App. 316, 451 P.2d 894 (1969); Thiel v. Industrial Commission, 1 Ariz.App. 445, 404 P.2d 711 (1965). However, our examination of these cases convinces us that the presence of a physical force or exertion was not a necessary element to the determination that the claimant had been "injured by accident" but rather provided in these cases an easily discernible event as a basis for determining whether the injury there involved was one "arising out of and in the course of employment". The Thiel case, *supra,* is particularly illustrative of the nature of the inquiry taken in these cases, where the issue before the court was whether the decedent employee's employment was a causal factor in the myocardial infarction he had sustained, when the proof of such causal connection was work-connected anxiety, pressure and long hours spent at the office.

Additionally, the concept of what is an "accident" has been the subject of frequent consideration by our courts, and it is now commonly viewed to include any unexpected injury-causing event, so long as it is work-connected. Paulley v. Industrial Commission, 91 Ariz. 266, 371 P.2d 888 (1962); Flores v. Industrial Commission, 11 Ariz.App. 566, 466 P.2d 785 (1970); Jaynes v. Industrial Commission, 7 Ariz. App. 78, 436 P.2d 172 (1968). Here, petitioner unwittingly ran down and killed a pedestrian. Since the collision was unintended, necessarily it must have been as unexpected to the petitioner as to the deceased. We cannot perceive any logical basis for viewing the pedestrian's injury stemming from this unexpected event as an accidental injury to the pedestrian, and viewing as different the mental injury sustained by the petitioner when causally related to the same event. In this connection, the Commission found, or at least assumed, the necessary causal relationship, but denied petitioner's claim on the basis that a disability arising from severe emotional reaction to an unexpected event unaccompanied by physical force or exertion *is somehow* different. If there is a difference, it is one that eludes this Court. Nor can we perceive anything in the Arizona authorities we have examined requiring

---

1. Petitioner was apparently later exonerated from any criminal culpability in connection with the incident.

that we now judicially engraft such an exception upon the all-inclusive language of our statute. Indeed, such an unnecessary construction would be overly restrictive and contrary to the clearly expressed intent of the workmen's compensation act. *See* Parsons v. Industrial Commission, 98 Ariz. 74, 402 P.2d 20 (1965); Hannon v. Industrial Commission, 9 Ariz.App. 231, 451 P.2d 44 (1969); Lugar v. Industrial Commission, 9 Ariz.App. 44, 449 P.2d 61 (1968).

Looking next to the decisions on this point in other jurisdictions, we find an almost uniform view that work-connected emotional stress resulting in a disability is *by itself* a sufficient basis to require an award for benefits. *See, for example*, Fireman's Fund Indemnity Co. v. Industrial Acc. Commission, 241 P.2d 299 (Cal. App.1952), affirmed, 39 Cal.2d 831, 250 P. 2d 148 (1952); George L. Eastman Co. v. Industrial Acc. Commission, 186 Cal. 587, 200 P. 17 (1921); 1A A. Larson, The Law of Workmen's Compensation § 42.21 (1970) and the cases contained therein. The Texas case of Bailey v. American General Insurance Company, 154 Tex. 430, 279 S.W.2d 315 (1955), contains an excellent discussion on this subject. In Bailey, the claimant saw his co-worker fall to his death from a scaffold on which they were working. The claimant narrowly escaped following after his co-worker. The Supreme Court of Texas, after finding that the minor bruises claimant received while escaping the collapsing scaffold did not cause or contribute to any disability on his part, held that the resulting anxiety reaction claimant thereafter suffered was a disability due to an injury within the meaning of the statutory definition of injury. Bailey, *supra*, 154 Tex. at 432, 279 S.W.2d at 316.

We are in accord with this view.

The award is set aside.

JACOBSON, P. J., and EUBANK, J., concur.