486 P.2d 205

**Clair G. RAFTERY, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Gittings of Arizona, Inc., (Gittings), Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 334.**

Court of Appeals of Arizona, Division 1, Department B.

July 8, 1971.

Rehearing Denied Sept. 30, 1971.

Review Denied Nov. 9, 1971.

Gorey & Ely, by Joseph M. Bettini, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Robert K. Park, Chief Counsel, by Arthur B. Parsons, Phoenix, for respondent carrier State Compensation Fund.

HAIRE, Judge.

The sole question presented for determination on review is whether petitioner's evidence required the Industrial Commission to find that petitioner's heart injury arose out of and in the course of his employment.

Petitioner, Clair Raftery, contends that the heart injury he sustained (variously described in testimony as an arteriosclerotic coronary and coronary occlusion) was contributed to by his anxiety and tension in achieving success on his new job, and that the medical testimony he presented in proof of such a causal relationship required the Commission to enter a disability award. In rejecting petitioner's claim, the Commission raised no objections concerning the purely emotional basis of petitioner's injury, cf. Brock v. Industrial Commission, 15 Ariz.App. 95, 486 P.2d 207 (filed June 30, 1971), but rejected petitioner's claim solely on the grounds that he did not prove that he had sustained an injury by accident arising out of and in the course of his employment.

Our thorough review of the record convinces us that the Commission was amply justified in concluding that petitioner failed to prove this claimed causal relationship. In this regard, we need only briefly summarize the testimony of the doctors given before the Commission. Dr. Frederick Coleman refused to express any opinion concerning causal relationship because in his opinion there was insufficient medical evidence on the subject of whether emotional stress *can ever* be a significant contributing factor to the development of a coronary condition. Dr. Monroe Green did originally express his opinion that there was a causal relationship between petitioner's claimed work-related emotional stress and his heart injury under the facts of a hypothetical question presented to him by petitioner's counsel. However, Dr. Green thereafter withdrew this opinion when presented on cross-examination with an altered hypothetical question including additional facts in evidence, such as petitioner's marital problems, debts, recent weight gain, and prior heart conditions. After considering these additional factors, Dr. Green expressed his inability to gauge the existence of a causal relationship. Finally, although the Commission did accept into evidence a letter written by Dr. Harney Cordua, which concluded with the doctor's opinion that petitioner's "employment may be fairly considered as a probable factor", the doctor was not present for cross-examination despite respondent's timely demand that he be subpoenaed, and the letter was accepted "subject to the weight it may be given because of certain facts which Dr. Cordua * * * may not have had." An examination of the letter in question fails to disclose any knowledge Dr. Cordua may have had concerning the additional emotional factors referred to in the altered hypothetical. In view of the foregoing, we

cannot say that the Commission clearly erred in finding petitioner had failed to prove his claim.

Judgment affirmed.

JACOBSON, P. J., and EUBANK, J., concur.