495 P.2d 148

**Alfred H. SHOPE, Petitioner,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Automotive Sales Company, Respondent Employer,**

**Hardware Mutual Casualty Company, Respondent Carrier.**

**No. 1 CA–IC 672.**

Court of Appeals of Arizona, Division 1, Department A.

March 21, 1972.

Rehearing Denied April 4, 1972.

Review Denied June 13, 1972.

Cornelius J. O'Driscoll, and John J. Dickinson, Phoenix, for petitioner.

William C. Wahl, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Strong & Pugh, by William K. Strong, Phoenix, for respondents Employer and Carrier.

CASE, Judge.

This appeal by writ of certiorari questions the validity of the Commission's Decision upon Review Affirming Decision upon Hearing and Findings and Award for Non-Compensable Claim which held that petitioner had failed to prove that he sustained an injury by accident arising out of and in the course of his employment within the meaning of the Workmen's Compensation Act.

Petitioner was hired by respondent employer on 17 June 1963. He was a relief foreman whose duties consisted of doing billing for the repair work. According to his testimony, as time progressed, the work became increasingly difficult for him to handle primarily because he could not get the cooperation of the other foremen. He stated that he discussed his problems with the assistant shop manager and the shop manager who both assured him that things would be straightened out. Apparently, petitioner received numerous complaints from customers but he did not have the authority to satisfy these complaints.

On 25 May 1970, a customer called for his truck which was not ready, although it appeared that petitioner had already billed out for its repairs. An argument ensued

between petitioner and the customer and petitioner became so emotionally upset that he left the shop and was unable to return to work. Petitioner was fired that same afternoon.

The next day petitioner consulted his family physician who referred him to a Dr. D. Kinne Tevis, a psychiatrist. Dr. Tevis diagnosed petitioner's condition as an anxiety reaction precipitated by stress of the recent event in his job situation. Petitioner attempted to find other work and was offered the same type of employment but he did not feel that he could handle this type of job as the same conditions existed and he felt that the same emotional pressures would be present.

On 31 August 1970, petitioner was examined by Dr. William D. McGrath, psychiatrist, who diagnosed petitioner's condition as an adult situational reaction evolving into a psychoneurotic anxiety reaction. Dr. McGrath stated that petitioner's job caused the stress so as to have a direct and immediate emotional impact on him and that he could do his job as a job but not within the same psychological environment.

Petitioner's claim for compensation was denied by a Notice of Claim Status and thereafter, upon petition, a hearing was held on 18 January 1971. The hearing officer made the following findings which are pertinent to a determination of the issue herein involved:

> "5. The medical evidence indicates that as a result of the argument and confusion at work, applicant underwent an adult situational response, which is a disorder that is an over-reaction to the immediate situation, causes one to become upset and nervous, and normally lasts from seven to ten days. Applicant's condition beyond that time, whereby the anxiety persisted after the reason for the anxiety was gone, is a disorder termed an anxiety neurosis.

> "6. Applicant did not sustain any physical injury of any kind on March 25, 1970.

\* \* \* \* \* \* ·

> "8. Since there appears to be no Arizona case that holds that purely excessive emotions, unaccompanied by physical force or exertion, can be the basis of an accident, applicant has failed to show as a matter of law that he sustained an injury by accident arising out of and in the course of his employment within the meaning of the Arizona Workmen's Compensation Act. (A.R.S. 23–1021.)"

On 6 May 1971, the Commission entered its Decision upon Review affirming the hearing officer's findings of a non-compensable claim and this appeal followed.

The sole question presented for our determination is:

> Is an Excessive Psychoneurotic Anxiety Reaction, Unaccompanied by Physical Force or Exertion, a Compensable Claim Within the Meaning of the Workmen's Compensation Act?

Petitioner relies heavily upon the recent case of Brock v. Industrial Commission, 15 Ariz.App. 95, 486 P.2d 207 (1971). In that case, Judge Haire, speaking for the Court, Department B, held that an aggravation of a person's pre-existing depressive anxiety, which arose as a result of his being suspended pending a police investigation of an incident in which a water truck which he was driving ran over and killed a woman and the consequent mental strain arising therefrom, constituted a disability due to an injury within the meaning of our Workmen's Compensation Act. Parenthetically, one of the Commission's findings in the Brock case is virtually identical with finding no. 8 in the instant proceeding.

The Court in the Brock case stated:

> "Additionally, the concept of what is an 'accident' has been the subject of frequent consideration by our courts, and it is now commonly viewed to include *any unexpected injury-causing event, so long as it is work-connected.*" Id. at 96, 486 P.2d at 208. (emphasis added)

We believe this to be the distinguishing feature between Brock and the case *sub·*

*judice.* The evidence here reveals no unexpected injury-causing event but rather a buildup of emotional stress for a period of years preceding the day that petitioner walked off the job. The conflicts which petitioner experienced were part of the usual, ordinary and expected incidents of his employment. As respondent argues in its brief, to grant petitioner his requested relief would literally open Pandora's Box permitting compensation to any disgruntled employee who leaves his job in a huff because of an emotional disturbance.

We find the evidence to be substantial in support of the Commission's findings.

The award is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.