531 P.2d 208

**Lucille R. AYER, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Greyhound Lines West, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. I CA–IC 1030.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 4, 1975.

Rehearing Denied Feb. 28, 1975.

Review Denied April 8, 1975.

Gilbert Gonzalez, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by J. Victor Stoffa, Phoenix, for respondents employer and carrier.

## OPINION

WREN, Judge.

Petitioner's claim for compensation was denied by the Industrial Commission on the ground that no causal connection had been established between her employment and the alleged injury; and further, that she had failed to show that she had sustained an injury by accident arising out of and in the course of her employment within the meaning of the Workmen's Compensation Act.

Briefly the facts are as follows. Petitioner had worked as a switchboard operator for the respondent, Greyhound Corporation for 27 years. Her duties consisted of running a switchboard, giving bus schedule information, paging people in the terminal, and furnishing information by telephone. With the transfer of the company's executive offices to the City of Phoenix and the construction of a new bus terminal there, she found that her duties had become more complex and difficult.

Petitioner suffered from various mental and physical problems, including hypertension and irregular heartbeats. On May 26, 27, and 29, 1972, she experienced nosebleeds; the last one being of such severity that she had to be treated in the emergency room of a hospital. On the advice of her physician, Dr. John Miller, she did not thereafter return to work.

Following a hearing on May 23, 1973, an award was entered sustaining the denial of compensation. An examination of the evi-

dence requires that we affirm the decision of the Commission.

Petitioner urges that the hearing officer was incorrect in his finding that the medical evidence had not established that her high blood pressure, anxiety, or heart problems had been caused by or were permanently aggravated by her employment.

Medical testimony was presented by four physicians: Drs. John Miller, Maier Tuchler, William Sheeley, and Robert Nemad. Though all agreed that petitioner could not in her present condition return to her job at Greyhound, their opinions were conflicting and unclear as to her specific mental and physical ailments.

According to the testimony of Dr. Miller, a general practitioner, petitioner's work as a switchboard operator aggravated her disabling condition. He did not specify the particulars of that disability, but did state, among other things, that petitioner was suffering from chronic anxiety; and that she could not handle any type of stressful employment because of emotional reaction to her job.

On the other hand, no physical disability was diagnosed by Dr. Miller. He related that her hypertension and other ailments did not prevent her from working, but that if she continued to work, at some point in the future she would have some permanent effects. *Cf.* Spacone v. Industrial Commission, 14 Ariz.App. 351, 483 P.2d 583 (1971).

Dr. Tuchler, a psychiatrist and neurologist, based his opinion on petitioner's make-up, physical symptoms, and emotional condition, and stated that her work contributed to her feelings of apprehension, anxiety and tension, and therefore aggravated her present condition.

However, a contrary opinion was voiced by Dr. Sheeley, another psychiatrist, who testified that petitioner suffered from hysterical neurosis, conversion type, and a passive dependent personality. The latter condition he described as a reluctance to accept what would be considered normal amounts of stress, and the tendency to become somewhat tense, anxious and depressed when subjected to stresses. According to Dr. Sheeley, petitioner's psychiatric condition had not been affected by her work.

Dr. Sheeley's testimony also found support from Dr. Nemad, a specialist in internal medicine, who testified that petitioner's emotional instability was not caused by her job, and that her apprehension was not aggravated by her employment. He found her mental problems to be "her personality, her make-up." Moreover, Dr. Nemad did not believe the job precipitated either the nosebleeds or irregular heart contractions, and that even though stress could affect hypertension, generally the removal of stress will improve the condition, and this would probably be the case with petitioner.

■ The medical testimony is obviously in conflict. The Commission's determination that petitioner's physical and mental conditions were not caused by or aggravated by her work resolved that conflict and we find such determination to be reasonably supported by the evidence. It is not this Court's prerogative to substitute its judgment for that of the Commission's. Baum v. Industrial Commission, 98 Ariz. 396, 405 P.2d 880 (1965).

Though not essential to the disposition of this appeal we feel constrained to touch upon the second ground specified by the hearing officer for denial of petitioner's claim, that is that no "personal injury" had been shown by the evidence.

■ Originally, the term *accident*, as used in the Act, was defined as a sudden and unexpected event resulting in an injury. Pierce v. Phelps Dodge Corp., 42 Ariz. 436, 26 P.2d 1017 (1933). Eventually the definition of accident was liberalized to the extent that an injury would be found within the meaning of the Act even though it developed slowly over a period of time; Dunlap v. Industrial Commission, 90 Ariz. 3, 363 P.2d 600 (1961); In re Mitchell, 61 Ariz. 436, 150 P.2d 355 (1944); Reilly v. Industrial Commission, 1 Ariz.App. 12, 398 P.2d 920 (1965), and the resulting unex-

pected physical or structural change in the workman could be classified as an injury resulting from accident. Phelps Dodge Corp. v. Cabarga, 79 Ariz. 148, 285 P.2d 605 (1955); Paulley v. Industrial Commission, 91 Ariz. 266, 371 P.2d 888 (1962). More recently an accident has been defined as an unexpected injury causing event, Shope v. Industrial Commission, 17 Ariz.App. 23, 495 P.2d 148 (1972), but petitioner here did not even meet this standard, for we have nothing more here than in *Shope*. A disabling mental condition brought about by the gradual buildup of emotional stress over a period of time, and not by an unexpected injury causing event, is not compensable unless accompanied by physical force or exertion. Shope, *supra*. The evidence here reveals no unexpected injury causing event but rather a buildup of emotional stress over a period of years. As stated in *Shope*, ". . . to grant petitioner [her] requested relief would literally open Pandora's Box permitting compensation to any disgruntled employee who leaves [her] job in a huff because of an emotional disturbance." 17 Ariz.App. at 25, 495 P.2d at 150.

The award is affirmed.

NELSON, P. J., and FROEB, J., concur.