542 P.2d 1140
**Robert PRIEDIGKEIT, Petitioner,**
**v.**
**The INDUSTRIAL COMMISSION of**
**Arizona, Respondent,**
**Components, Inc., Respondent Employer,**

**American Motorists Insurance Company,**
**Respondent Carrier.**
**No. I CA–IC 1244.**

Court of Appeals of Arizona,
Division 1,
Department C.
Dec. 4, 1975.
Rehearing Denied Jan. 23, 1976.
Review Denied Feb. 18, 1976.

Langerman, Begam, Lewis, Leonard & Marks, P.A. by Noel Fidel, Phoenix, for petitioner.

Greg L. Folger, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Jennings, Strouss & Salmon by Ronald H. Moore, Phoenix, for respondent employer and respondent carrier.

OPINION

SCHROEDER, Judge.

Petitioner, Robert Priedigkeit, challenges the sufficiency of the evidence supporting the Industrial Commission's award denying him workmen's compensation benefits for a disease, affecting blood formation, which petitioner alleges is attributable to his exposure to certain chemicals while employed by the respondent Components, Inc. This is the second time that this matter has been before us. *See Priedigkeit v. Industrial Commission of Arizona*, 20 Ariz. App. 594, 514 P.2d 1045 (1973).

Petitioner worked for respondent employer between 1965 and 1970. During that period he was exposed on the job to xylene, toluene and trichlorethylene. Prior to his employment with respondent employer, he worked for approximately eight months for a different employer with some exposure to similar chemicals; for 13 years preceding that employment, he worked for still a third employer where he handled cleaning materials containing, according to his testimony, carbon tetrachloride.

In January of 1970, petitioner sought treatment from William L. Bunting, M.D., a board certified hematologist, for the illness in question. Dr. Bunting's initial or tentative diagnosis was "pancytopenia with hypoplastic marrow, etiology unknown. Exposure to volatile hydrocarbon suspected. Possible early myelofibrosis." Dr. Bunting, following subsequent tests and examinations, later confirmed the diagnosis of myelofibrosis.

■ The principal contested issue in the proceedings before the Commission was causation. Where, as here, the causal relationship of employment to an applicant's condition is not readily apparent to a layman, the matter is one to be resolved on the basis of expert medical evidence. *Cammeron v. Industrial Commission of Arizona*, 98 Ariz. 366, 405 P.2d 802 (1965); *Spears v. Industrial Commission of Arizona*, 20 Ariz.App. 406, 513 P.2d 695 (1973); *Damron v. Industrial Commission of Arizona*, 20 Ariz.App. 319, 512 P.2d 851 (1973).

■ In this case, the treating physician, Dr. Bunting, unquestionably testified that petitioner's condition was caused by exposure to particular chemicals during the course of his employment with respondent employer.

The hearing officer's award, affirmed on review, rejected Dr. Bunting's testimony in this regard. The award was based upon findings that petitioner had, prior to his employment with this employer, lengthy exposure to deleterious substances, including 13 years exposure to carbon tetrachloride, and that petitioner, therefore, had not sustained his burden of showing that his condition was definitely traceable to his employment by Components, Inc. The findings expressly relied upon *Reilly v. Industrial Commission of Arizona*, 1 Ariz. App. 12, 398 P.2d 920 (1965). *Reilly* held that a disease which has developed gradually over a period of time may be compensable as an "accident" within the terms of the Workmen's Compensation Act but required that the "gradual injury" be traceable to a definite time and place.

Our review of the record finds no evidence to support the hearing officer's view that the petitioner's condition developed in the course of 18 years exposure to chemicals including, specifically, carbon tetrachloride, during previous employment. Dr. Bunting clearly testified that his condition was attributable to particular chemicals on *this* job. No one testified that the condition was attributable in any way to other

chemicals on *other* jobs. There is no conflict on this score.*

Bearing in mind that the award must be affirmed if there is any reasonable basis in the evidence for it, *Micucci v. Industrial Commission of Arizona*, 108 Ariz. 194, 494 P.2d 1324 (1972), we must consider whether there was any expert evidence sufficient to create a conflict with Dr. Bunting's evidence as to causation. The only other expert testimony in this case was that of Edward B. Waldmann, M.D., a physician with considerable experience in the field of toxicology but who is not a hematologist and who customarily refers patients with hematological problems to Dr. Bunting. Dr. Waldmann never examined petitioner. He testified, after reviewing petitioner's medical records and based upon his readings in the field, that the chemicals to which petitioner was exposed in his employment by Components, Inc. did not cause his ailment. Respondents urge that Dr. Waldmann's testimony, if not in and of itself sufficient evidence to justify the award, is sufficient when coupled with the evidence of a 17-year study on laboratory animals conducted by a leading chemical company, and published in 1956, on which his testimony heavily relied.

Respondents rely upon *Condon v. Industrial Commission of Arizona*, 108 Ariz. 65, 492 P.2d 1172 (1972), in which the Court held that testimony by an expert who had not examined the applicant, but who had reviewed the records of the examining physician, could be sufficient to create a conflict with the testimony of an examining physician. As the Court there pointed out:

"This does not mean, however, that if here is something to be gained by a physical examination of the petitioner, particularly as an aid in diagnosing the present physical condition of the petitioner, the Commission may disregard the testimony of those who have examined the petitioner and base their decision upon a medical expert who has reviewed the file without a physical examination. Under those circumstances, the testimony of the non-examining expert would not be substantial and would not be sufficient to support or create a conflict in the medical testimony." 108 Ariz. at 67–68, 492 P.2d at 1174.

The record in this case shows that Dr. Bunting, after examining petitioner, advised him to change his job at Components, Inc. so that he was no longer exposed to the chemicals. Dr. Bunting's subsequent examinations revealed that his condition improved significantly. Dr. Bunting testified further that this reversal confirmed his attribution of the disease to the chemical exposure at Components, Inc.

Dr. Waldmann's testimony does not indicate that he was even aware of such a reversal. Respondents during oral argument suggested that the improvement in petitioner's condition could be explained as a remission unrelated to his withdrawal from the allegedly offending substances. Dr. Waldmann did not so testify, and there are no medical findings in petitioner's record to support respondents' hypothesis in this regard.

We, therefore, conclude there was something to be gained by a physical examination of petitioner by Dr. Waldmann and that there was insufficient evidence to establish a conflict with Dr. Bunting's testimony. The award must be set aside.

■ Respondents urge that they will, in any further evidentiary hearing on this claim, reassert their position that petitioner's claim was not timely in the first in-

---

* Petitioner in his Petition for Review of the award attached an affidavit of Dr. Bunting, which was not a part of the original record, in which Dr. Bunting stated that carbon tetrachloride, because of its chemical make-up, could not have contributed to petitioner's disease. We do not need to decide whether that affidavit could properly have been considered by the hearing officer on the Petition for Review, or whether it can properly be considered by this Court. The record, even without the affidavit, is insufficient to support the findings to which the affidavit is directed.

stance because it was not filed within one year. The Court has previously held that the respondents failed to assert the defense in a timely fashion and, therefore, waived it. *Priedigkeit v. Industrial Commission of Arizona, supra.* That decision is the law of the case. Respondents are precluded from raising the defense again.

The award is set aside.

NELSON, P. J., and WREN, J., concur.