561 P.2d 1249

Jose B. VERDUGO, Petitioner,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

Cyprus Pima Mining Company, Respondent Employer,

Cyprus Pima Mining Company, Respondent Carrier.

No. 1 CA–IC 1504.

Court of Appeals of Arizona, Division 1, Department C.

Feb. 8, 1977.

Rehearing Denied March 10, 1977.

Review Denied March 29, 1977.

Rabinovitz, Minker & Dix, P. C. by James S. Dix, Tucson, for petitioner.

John H. Budd, Jr., Chief Counsel, Phoenix, for respondent The Industrial Commission of Arizona.

Twitty, Sievwright & Mills by John F. Mills, Phoenix, for respondents employer and carrier.

## OPINION

FROEB, Chief Judge.

This is a review of an award which denied the compensability of petitioner's disabling psychiatric condition.

Petitioner filed a claim for workmen's compensation benefits, stating that he sustained an industrial injury on March 3, 1974. He testified that, while working as a mill shift foreman, he suffered symptoms of confusion and dizziness and he then blacked out and fell to the ground. Petitioner also testified that he had had several similar episodes of dizziness and confusion since approximately 1967, following instances of inhaling fumes while on the job. Petitioner believed the various fumes to which he was exposed at work marked the onset and were, in part, the cause of these various episodes of dizziness. His condition was diagnosed by the doctors who examined him as anxiety neurosis or possibly involutional melancholia. His contention is that his preexisting mental condition was aggravated by the March 3, 1974 episode at work, producing a total psychiatric disability.

A psychiatric disability is compensable if it is caused, in whole or in part, by an unexpected injury-causing event. *Muse v. Industrial Commission,* 27 Ariz.App. 312, 554 P.2d 908 (1976); *Ayer v. Industrial Commission,* 23 Ariz.App. 163, 531 P.2d 208 (1975); *Shope v. Industrial Commission,* 17 Ariz.App. 23, 495 P.2d 148 (1972); *Brock v. Industrial Commission,* 15 Ariz.App. 95, 486 P.2d 207 (1971). However, a disabling mental condition is not compensable if it is brought about by the general building of emotional stress from the usual, ordinary, and expected incidents of the workman's employment. *Muse v. Industrial Commission,* supra.

The hearing officer decided that the petitioner's psychiatric condition was related to his employment generally, but was not the result of a specific accident or event. He found that:

. . . the preponderance of the medical evidence establishes that the psychiatric condition presently disabling the applicant, and which has disabled him since March 3, 1974, was of gradual onset and was caused or contributed to by the stress, pressure and worry in his employment. That the applicant had probably reached a level of employment somewhat beyond his capacity. That his psychiatric condition was not contributed to, aggravated by, or caused by any specific industrial injury or incident, nor was the condition precipitated by any specific external event.

. . . the psychiatric condition presently disabling the applicant does not constitute an injury by accident arising out of and in the course of the applicant's employment within the meaning of the Workmen's Compensation Law of Arizona.

After reviewing the record, we find there is sufficient evidence to sustain these findings.

Where the causal relationship between a disability and an industrial episode is not apparent to a layman, it is within the

realm of medical knowledge and can only be established by expert medical testimony. *Waller v. Industrial Commission,* 99 Ariz. 15, 406 P.2d 197 (1965); *Priedigkeit v. Industrial Commission,* 25 Ariz.App. 260, 542 P.2d 1140 (1975).

■ In the present case, the medical evidence presented by six physicians, including three psychiatrists, established that the spells of dizziness, confusion and instability were symptoms of petitioner's anxiety and depressive state, explained by the phenomenon of hyperventilating or excessive inhaling of air. All the medical witnesses who testified were essentially in agreement that petitioner's psychiatric disability was related to his employment only in the sense that the demands of his work were too much for him; that he had been promoted to a position of responsibility beyond his capacity; that his physical symptoms were essentially psychosomatic reactions to such stresses. None of the witnesses attached such medical significance to the fume inhalation episodes that they could be considered responsible for petitioner's psychiatric condition.

This factual situation has some similarity to the one presented in *Muse v. Industrial Commission,* supra, where the stresses of Muse's job were at least a factor in causing his disability. We stated:

. . . Here, as in [*Ayer v. Industrial Commission,* 23 Ariz.App. 163, 531 P.2d 208 (1975)] there is an absence of an unexpected injury-causing event to which petitioner's mental condition can be attributed. Petitioner points to the blacking-out incident of February 26, 1974, as such an event. That incident, however, was not an injury-causing event, but rather a symptom of the emotional build-up which had been gaining momentum over the previous four to five years. 27 Ariz.App. at 314, 554 P.2d at 910.

In the present case, the hearing officer was justified in concluding that petitioner's psychiatric condition was the result of the general pressures of the job. Under such circumstances, the psychiatric disability is not compensable under the Arizona Workmen's Compensation Act.

JACOBSON, P. J., and HAIRE, J., concurring.