**62**

579 P.2d 566

**FIREMAN'S FUND INSURANCE CO.,
and Drenberg & Associates, Inc.,
Petitioners,**

v.

**The INDUSTRIAL COMMISSION of
Arizona, Respondent,**

**Janice W. Craig, Respondent Employee.**

**No. 1 CA–IC 1632.**

Court of Appeals of Arizona,
Division 1,
Department C.

June 2, 1977.

Rehearing Denied July 13, 1977.

Review Granted Sept. 13, 1977.

Moore & Romley, Craig R. Kepner, Cathey Dee Milan, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Law Office of Chris T. Johnson, PC, Phoenix, for respondent employee.

OPINION

OGG, Judge.

The key question presented in this appeal is whether a disabling mental condition brought about by a gradual buildup of emotional stress is compensable.

The respondent/employee Janice W. Craig was a hard worker and a perfectionist. She had worked in the insurance field as a secretary-underwriter for fifteen years. In April, 1975, her employer insurance agency purchased another agency which greatly increased her workload and responsibility; as a result there was a gradual buildup of stress which culminated in Craig leaving her job in tears after an argument with a customer on September 25, 1975. That same night she attempted suicide in her home and was placed under the treatment of Dr. Robert St. John, a psychiatrist.

At the hearing both Dr. St. John and Dr. Richard Duisberg gave psychiatric testimony that Craig's work activities were a significant factor in causing a neurotic depressive reaction commonly referred to as an emotional breakdown. She could not adequately handle stress situations; she lost confidence in herself and was depressed.

Although the stress from her work was a factor in her emotional breakdown, there were additional contributing factors such as domestic problems with her husband and daughters as well as the death of her mother. Her own treating physician, Dr. St. John, testified that her "marital problems played the major role in her symptomatology."

Craig argues that since the medical testimony given by the psychiatrists supports the award of the hearing officer we should affirm the award of compensability. She relies upon our decision in *Brock v. Industrial Commission*, 15 Ariz.App. 95, 486 P.2d 207 (1971), to support her award. In *Brock* an award was affirmed to a truck driver whose pre-existing depressive anxiety had been aggravated as a result of his suspension from work following an accident in which the truck he was driving ran over and killed a woman. We distinguish *Brock* from this case on the fact that in *Brock* there was an unexpected injury-causing event.

Craig also contends that if she had suffered a heart attack as a result of these same stressful work conditions she would have coverage and it was not logical to deny coverage merely because the stress affected her mind rather than her heart. See *McNeely v. Industrial Commission*, 108 Ariz. 453, 501 P.2d 555 (1972); *Romero v. Industrial Commission*, 11 Ariz.App. 5, 461 P.2d 181 (1969); *Thiel v. Industrial Commission*, 1 Ariz.App. 445, 404 P.2d 711 (1965).

We cannot logically distinguish the mental cases from the above cited heart cases except to say that prior Arizona appellate decisions have recognized the greater potential for abuse if mental cases are granted coverage without the requirement of an unexpected injury-causing event. In *Shope v. Industrial Commission*, 17 Ariz.App. 23, 495 P.2d 148 (1972), this court denied coverage when the worker had a psychoneurotic anxiety reaction which was precipitated by stressful working conditions and an argument with a customer. The court held that such a claim was not compensable under the Workmen's Compensation Act since the mental illness was caused by a buildup of emotional stress over a period of time preceding the incident and was not caused by an unexpected injury-causing event. The court expressed its concern in granting coverage in this type of claim when it stated "As respondent argues in its brief, to grant petitioner his requested relief would literally open Pandora's Box, permitting compensation to any disgruntled employee who leaves his job in a huff because of an emotional disturbance." *Id* at 25, 495 P.2d at 150.

■ It appears to be our present law that a psychiatric disability is compensable if it is caused, as in *Brock*, by an unexpected injury-causing event. However, a psychiatric disability is not compensable if it results from a gradual buildup of emotional stress over a period of time, brought about by emotional stress from the usual, ordinary and expected incidents of a workman's employment. *Verdugo v. Industrial Commission*, 114 Ariz. 477, 561 P.2d 1249 (1977); *Muse v. Industrial Commission*, 27 Ariz. App. 312, 554 P.2d 908 (1976); *Ayer v. Industrial Commission*, 23 Ariz.App. 163, 531 P.2d 208 (1975); *Shope v. Industrial Commission*, supra.

The evidence here is undisputed that Craig's psychiatric disability was caused, among other factors, by a gradual buildup of emotional stress on her job over a period of time and there was no unexpected injury-causing event.

Under the authority of *Verdugo, Muse, Ayer* and *Shope*, we must therefore set aside the award of the Industrial Commission.

JACOBSON, P. J., and DONOFRIO, J., concur.