594 P.2d 107

**ASARCO, INC. and State Compensation Fund, Petitioners,**

v.

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Leona M. Archer, Widow, Donald R. Archer, Deceased, Respondent Applicant.**

**No. 1 CA–IC 1986.**

Court of Appeals of Arizona,
Division 1,
Department C.

March 1, 1979.

Rehearing Denied April 10, 1979.

Review Denied May 1, 1979.

"5. That the parents have relinquished their rights to a child to an agency or have consented to the adoption."

242

Twitty, Sievwright & Mills by John F. Mills, Phoenix, for petitioners.

John H. Budd, Jr., Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Rabinovitz, Dix & Sands by Charles G. Rehling, II, Tucson, for respondent applicant.

## OPINION

EUBANK, Presiding Judge.

In this Special Action—Industrial Commission, the employer, Asarco, Inc., and the carrier, State Compensation Fund, seek review of an award of death benefits to respondent widow Leona M. Archer and her dependent children.

The deceased employee, Donald R. Archer, was employed as a shovel repairman by petitioner employer, Asarco, Inc. On March 22, 1977, Archer sustained a fatal myocardial infarction. Respondent widow, Leona Archer, filed a claim for death benefits on behalf of herself and her dependent children. Her claim was denied by the carrier, and following her request for hearing, the Industrial Commission conducted formal hearings on October 25 and December 15, 1977. Subsequently the hearing officer entered his findings and award in which he determined that the deceased's myocardial infarction was causally related to his employment. After the award was affirmed by the hearing officer on review, this special action was perfected.

The crucial finding in the hearing officer's award in this case is finding number 11. In it, the hearing officer stated:

The preponderance of the evidence establishes that the deceased's myocardial infarction was in part caused by and due to the emotional stress experienced on his job. The evidence does not establish a significant causal relationship between the physical exertion and the myocardial infarction.

On review, petitioners argue that the action of the hearing officer in finding a compensable claim due to emotional stress was, in this case, contrary to law. We agree, and therefore set aside the award.

It is clear that the hearing officer did not rely on any precipitating event, whether physical or emotional, in finding that a job-related injury had occurred. We note that finding 11, set out above, states that the hearing officer did not rely on a physical exertion as a precipitating event, and this finding has not been challenged by the respondent widow. Additionally, it does not appear that the hearing officer relied on any specific job-related emotional event as a precipitating event. There was some evidence that on the day of his death the deceased "got mad" at work, prior to his death. However, the medical testimony indicates that the fatal myocardial infarction began some 18 hours before his death, at a time when he would have been at home.

It therefore appears that the hearing officer's award was based on his finding that work-related stress of a gradual nature contributed to the deceased's advanced arterio-

sclerotic disease and therefore partially caused the fatal myocardial infarction. In her brief respondent cites the case of *Fireman's Fund Insurance Company v. Industrial Commission,* 119 Ariz. 51, 579 P.2d 555 (1978), for the proposition that a condition brought about by gradual work-related emotional stress can be compensable under Arizona's Workmen's Compensation Law. However, the Arizona Supreme Court has, more recently, further explained its holding in *Fireman's Fund.* In *Sloss v. Industrial Commission,* 121 Ariz. 10, 588 P.2d 303, 304 (1978), the court stated:

> *Fireman's Fund* does not mean that every emotional condition even though work-related is compensable. This court declined to accept the view expressed in *Carter v. General Motors Corp.,* 361 Mich. 577, 106 N.W.2d 105 (1960) which would allow the ordinary stresses of employment to which all workers are subjected to provide a basis for workmen's compensation for a work-related disabling nervous condition. *Fireman's Fund* requires more than ordinary and usual job-related stress. To qualify as an injury by accident, the condition must have been produced by the unexpected, the unusual, or the extraordinary stress.

In *Sloss, supra,* the claimant argued that he was entitled to workmen's compensation because of a physical condition diagnosed as gastritis, which he claimed was caused by an emotional condition related to his everyday stress in his work as a highway patrolman. The Court sustained the hearing officer's determination that the stresses to which the applicant had been exposed in his employment were the same as, and no greater than, those imposed on all other highway patrolmen in the same work. Therefore, the condition created by the stress did not constitute an injury under workmen's compensation law.

Consistent with the Supreme Court's holding in *Sloss, supra,* is the view of this Court expressed in *City of Phoenix v. Industrial Commission,* 120 Ariz. 237, 585 P.2d 257, 261 (1978) where we stated:

Were it otherwise, very few heart attacks, if any, suffered by people who were employed at the time of the attack, regardless of whether the incident occurred at work, at home, on vacation, or while they were asleep, would not be compensable under the workmen's compensation statutes. While we do not minimize the stress imposed on Loy as a result of his job, we fail to see it as significantly greater than that imposed upon his fellow police officers on the beat, his superiors, court clerks who are put upon by not only their immediate supervisors but also by judges and irate lawyers, outside the apparent chain of command, etc. In fact, most jobs covered by workmen's compensation today, in both the public sector and private industry, have a stress component of some nature, depending both upon the individual who holds the job and the nature of the job itself.

The hearing officer in the case before us did not make a specific finding regarding whether the gradual work-related stress experienced by the deceased during his employment with petitioner ASARCO was "unexpected, unusual, or extraordinary" as compared to the everyday stress experienced on the job by all of his co-workers. Upon reviewing the record, we note that the gradual emotional stress experienced by the deceased appeared to center around his feeling that other workmen on the job were not working as hard as he was working.

It is the responsibility of the hearing officer to make findings which dispose of all material issues. *Cammeron v. Industrial Commission,* 98 Ariz. 366, 405 P.2d 802 (1965); *Garcia v. Industrial Commission,* 26 Ariz.App. 313, 548 P.2d 26 (1976). The question of whether the everyday stress experienced by the deceased was any greater than that sustained by his co-workers is a material issue which should have been disposed of by a finding in this case. *Sloss, supra.*

Since we have no authority to remand for specific findings and can only affirm the award or set it aside in its entirety, A.R.S. § 23–951(D), we set aside the award.

A second issue raised is whether Memoranda Decisions of this Court can be properly cited by counsel as authority to the hearing officer in light of Rule 28(c), Arizona Rules of Civil Appellate Procedure, 17Á A.R.S., forbidding their use as precedent. We hold that Memoranda Decisions should not be cited as authority by counsel. Further, we agree with State Bar of Arizona Ethics Opinions No. 78–4 (January 30, 1978), that it is a breach of professional ethics to cite such decisions other than for the purpose of establishing *res judicata*, collateral estoppel or the law of the case. Since the award involved herein is being set aside, we do not reach the question of appropriate sanctions.

The award is set aside.

WREN, J., and HENRY S. STEVENS, Judge, Retired, concurring.