708 P.2d 756

**Manuel A. FIMBRES and Guadalupe Fimbres, husband and wife, Plaintiffs/Appellants,**

v.

**FIREMAN'S FUND INSURANCE COMPANY, a foreign Corporation, Defendant/Appellee.**

**No. 2 CA–CIV 5298.**

Court of Appeals of Arizona, Division 2, Department A.

May 8, 1985.

Review Denied Oct. 29, 1985.

Johnson & Mahon by Thomas E. Johnson, Tucson, for plaintiffs/appellants.

Jennings, Kepner & Haug by Craig R. Kepner and Steven S. Guy, Phoenix, for defendant/appellee.

OPINION

HOWARD, Judge.

This is an appeal from the granting of a summary judgment in favor of Fireman's Fund Insurance Company (Fireman's) which involves the applicability of the business exclusion to a homeowner's insurance policy issued to its insured, Humberto B. (Smokey) Santillo, Sr.

Smokey was engaged in the business of selling herbs and giving nutritional advice at 1718 North Alvernon Way in Tucson. According to his deposition, he taught people how to combine foods and did not prescribe herbs but only taught what plants do and allowed customers to make their own decisions.

On February 16, 1983, Guadalupe Fimbres was at Smokey's place of business. She told Smokey that she had a sore on her right leg which was not healing and further informed him that she was a diabetic. Smokey prescribed some herbs for her and instructed her how to mix a poultice and how to apply it with the use of Chapparral

Tea. He sold her the herbs and charged her $15.00 for the consultation. He also had her sign a consent form, which stated, in part:

"I, Lupe C. Fimbres, consent to have certain desired procedures which have been explained to me and agree to the following provisions and conditions.

1. I hereby recognize and understand that H. Santillo is not an M.D., Osteopath, Chiropractor, Naturapath [sic] and that he does not hold himself out to the public as a representative of any of the said professions.

2. I understand that the procedures desired are not related to the treatment of underlying organic disorders which may exist in my person.

3. I acknowledge that all procedures given to me are performed with the intent to balance body functions and nutrition and not intended to treat diseases or symptoms as defined by the medical profession.

4. I acknowledge that H.D. Santillo does not diagnose disease, prescribe drugs or use surgery. * * *"

The form also asked the signer to indicate by a "yes" or "no" answer whether he or she was associated with the American Medical Association, The United States Food and Drug Administration, the sheriff's office, or whether he or she was an investigator of any type. It further asked the signer whether he had certain listed diseases or physical conditions.

Mrs. Fimbres went home and applied the poultice but neglected to seek medical advice. As a result, her leg became gangrenous and was amputated.

Mrs. Fimbres and her husband sued Santillo in the Pima County Superior Court. Santillo made demands on Fireman's to defend and settle the claim. They refused to do either. The parties to the lawsuit then entered into a covenant not to execute and stipulated to a judgment. Santillo then assigned his rights under his homeowner's policy with Fireman's to the plaintiffs who filed this suit for a declaratory judgment.

The homeowner's policy issued to Santillo provides, inter alia:

"SECTION II.—EXCLUSIONS"

"1. Coverage E—Personal Liability and Coverage F—Medical Payments to Others do not apply to bodily injury or property damage:

\* \* \* \* \* \*

b. arising out of business pursuits of any insured or the rental or holding for rental of any part of any premises by any insured.

This exclusion does not apply to:

(1) activities which are ordinarily incident to non-business pursuits: ..."

In subsection c. the policy also excludes liability "arising out of the rendering or failing to render professional services."

"Business" is defined in the definition section of the policy as including "... trade, profession or occupation." Appellants contend that because Smokey was not licensed as a health care provider, his isolated, unauthorized act in prescribing the herbs and poultice for Mrs. Fimbres was not a customary engagement, and therefore, he was not engaged in business when he did so. We disagree with this analysis.

In the case of *Industrial Indemnity Company v. Goettl*, 138 Ariz. 315, 674 P.2d 869 (App.1983) the court had the opportunity to define the term "business pursuit" as used in a homeowner's policy. There the court held that a "business pursuit" denotes a continuous or regular activity for the purpose of earning a livelihood such as a trade, profession or occupation or commercial activity. Appellants go astray by focusing on the prescription of the herbs in their attempt to apply the definition to the facts. The policy here excludes personal injury *arising out of* business pursuits. In *Shepard v. Milbank Mutual Insurance Company*, 437 F.Supp. 744 (S.D.1977), the court, in construing the phrase "arising out of business pursuits of any insured," stated:

"Section (b) excludes from coverage bodily injury or property damage arising

out of business pursuits of any insured. We understand this clause to refer to business pursuits conducted on the insured premises. The term 'arising out of' implies a causal connection. The term is 'ordinarily understood to mean "originating from," "having its origin in," "growing out of" or "flowing from" or in short, "incident to or having connection with" ...' *Red Ball Motor Freight, Inc. v. Employers Mutual Liability Insurance Co. of Wisconsin*, 189 F.2d 374, 378 (5th Cir.1951)."

The exclusion of business liability, particularly in personal liability policies, removes coverage which is not essential to the purchasers of the policy and which would normally require specialized underwriting and rating, and thus help keep premium rates at a reasonable level. See Annot. 48 A.L. R.3d 1098, 1099 (1973). Smokey's prescription for the herbs originated from, grew out of, flowed from and had a connection with his regularly conducted business. The fact that Smokey did not have a license to practice medicine is irrelevant to the issue of whether his acts arose out of his business pursuit.

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.