772 P.2d 6

The CONTINENTAL INSURANCE COMPANY, Plaintiff/Appellee,

v.

Carole McDANIEL; John G. Handgis and Carolyn C. Handgis, husband and wife; Nicholas G. Handgis and Maria Handgis, husband and wife; Demosthenes Handgis and Mary Lou Handgis, husband and wife, dba Darby's Restaurant–Coffee Shop, a partnership; and each of them individually, Defendants/Appellants.

No. 2 CA–CV 88–0211.

Court of Appeals of Arizona, Division 2, Department B.

Nov. 3, 1988.

Review Denied May 2, 1989.

Crampton, Woods, Broening & Oberg by Terrence P. Woods and Neal B. Thomas, Phoenix, for plaintiff/appellee.

Gust, Rosenfeld & Henderson by Steven E. Harrison and Douglas E. Thomas, Phoenix, for defendants/appellants.

## OPINION

LACAGNINA, Chief Judge.

This appeal is taken from a summary judgment in favor of Continental Insurance Company declaring that the acts of John G. Handgis were not covered by a comprehensive business policy issued to a partnership doing business as Darby's Restaurant—Coffee Shop (Darby's). The issues raised concern the policy definition of "occurrence" as an accident which results in bodily injury "neither expected nor intended from the standpoint of the insured" as related to the torts of sexual harassment, assault and battery, and intentional infliction of mental suffering. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Carole McDaniel, a former employee of Darby's, sued the Handgis brothers, individually and as partners doing business as Darby's, (Handgis) for acts committed by John Handgis, alleging assault and battery, intentional infliction of mental suffering, and sexual harassment. Continental is providing a defense to McDaniel's claim in that action with a reservation of rights because the complaint alleged intentional acts not covered by the policy. The trial court in the tort action denied a motion to dismiss for lack of jurisdiction, ruling that McDaniel's injuries were not covered by workers' compensation laws because they did not arise out of and in the course of employment and the claims alleged by McDaniel were intentional torts. Thereafter, Continental brought this action for declaratory judgment and successfully argued in the trial court that the acts and conduct of

John Handgis were not covered by its policy.

The acts committed by John Handgis for approximately one year, as alleged by McDaniel in her action for damages, are briefly summarized as follows: 1) talking to her in a vulgar manner, 2) exposing his genitals for her opinion, 3) telling her to "kiss [his] cock," 4) pulling her head toward his penis, 5) grabbing and fondling her breasts, buttocks and pelvic area, and 6) calling her at home. Handgis argues that whatever occurred between him and McDaniel was with her consent. That dispute will be resolved in the trial of the tort action.

## THE LIABILITY INSURANCE POLICY

Continental issued a policy insuring the Handgis brothers doing business as Darby's against all sums which they would be legally obligated to pay as damages due to bodily injury caused by an "occurrence." "Occurrence" is defined by the policy as "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

Handgis argue that the trial court could not conclude as a matter of law that John Handgis intended to injure McDaniel because his testimony that she participated and encouraged the relationship supports the conclusion that the purpose of his acts was mutual satisfaction and pleasure, not bodily harm, and therefore, those acts were covered by the policy. In support of this argument, Handgis cite *Transamerica Ins. Group v. Meere*, 143 Ariz. 351, 694 P.2d 181 (1984), for the proposition that the issue is not whether the insured's acts were intended but whether, from the subjective standpoint of the insured, the injury itself was intended. A careful reading and analysis of the supreme court's decision in *Meere* does not support the argument.

Although we can distinguish between the different policy provisions involved in *Meere* (exclusion for injury expected or intended by the insured) and *Fire Ins. Exchange v. Berray*, 143 Ariz. 361, 694 P.2d

191 (1984) (exclusion for intentional acts and coverage for injury neither expected nor intended from standpoint of the insured), because the policy here specifically provided coverage only for accidents which result in bodily injury neither expected nor intended from the standpoint of the insured, we believe the use of the word "accident" in the definition of "occurrence" does not alter or change the principles of law governing this case. In addition, the supreme court in both *Meere* and *Berray* was faced with factual disputes regarding the insured's intent because the insurance companies were seeking relief from their duty to defend and summary judgment relief was denied. Because Continental is defending Handgis, we are not faced with that dilemma and can decide the coverage issue in this case as though McDaniel's allegations are true. The trial court decided the issue of coverage in favor of Continental as a matter of law, and we affirm that judgment.

## NO COVERAGE FOR SEXUAL HARASSMENT

■ McDaniel's claim against John Handgis for assault and battery, intentional infliction of mental suffering and sexual harassment were all based upon the same set of facts. The acts occurred for approximately one year while McDaniel was the bookkeeper for Darby's. The conduct of John Handgis was so certain to cause injury to McDaniel that his intent to cause harm is inferred as a matter of law, despite his statements to the contrary that all he intended was to provide pleasure and satisfaction. *Steinmetz v. National American Ins. Co.*, 121 Ariz. 268, 589 P.2d 911 (App. 1978); *Clark v. Allstate Ins. Co.*, 22 Ariz. App. 601, 529 P.2d 1195 (1975). The decisions in *Steinmetz* and *Clark* are based upon the legal principle that once one intentionally commits an act against another and injury results as a natural and probable consequence of the intentional act, the injury is intended and expected and therefore excluded from coverage.

■ There are exceptions to the *Steinmetz–Clark* rule as stated by *Meere* and *Berray*, which were cases dealing with an insured's claim of self-defense. In that context the court in *Meere* said:

> The basic question is whether the insured's subjective intent to cause or not to cause injury is relevant where the act producing injury was intentional but committed in self-defense.

143 Ariz. at 354, 694 P.2d at 184. Later, the supreme court in *Berray* stated:

> However, as we stated in *Meere*, [citation omitted] the *Steinmetz–Clark* presumption does not apply to the language of an "intentional acts" exclusion clause when an insured acts in self-defense or with some other justification.

143 Ariz. at 363, 694 P.2d at 193. The sexual harassment by John Handgis cannot be compared to the act of one defending his life, shoving an elbow in a basketball game, *Farmers Ins. Co. of Arizona v. Vagnozzi*, 138 Ariz. 443, 675 P.2d 703 (1983), or striking a potential burglar who by mistaken identity later turns out to be one's brother-in-law. *Curtain v. Aldrich*, 589 S.W.2d 61 (Mo.App.1979). The decision in *Meere* confirmed the principles of contractual intent and public policy when an insured acts in self defense.

> These principles of contractual "intent" and public policy coincide; the provision is designed to prevent an insured from acting wrongfully with the security of knowing that his insurance company will "pay the piper" for the damages. That design is not served by interpreting the provision to exclude coverage in self-defense situations where the insured is not acting by conscious design but is attempting to avoid a "calamity" which has befallen him.

143 Ariz. at 356, 694 P.2d at 186. The key to the present case is found in *Meere*.

> We believe, however, that when the factors involving public policy and the purpose of the contractual exclusion are considered, the proper interpretation of the clause in question is that it excludes indemnification or coverage when the insured intentionally acts *wrongfully* with a purpose to injure. When he acts wrongfully, he commits an intentional

tort by performing an act designed to inflict injury. He will not be allowed under such circumstances to deny a basic intent demonstrated by his acts. *Steinmetz, supra; Clark, supra.* Nor will he be allowed to escape from the exclusionary clause by claiming that he did not intend the precise injury—in character or magnitude—that in fact occurred. * * * The basic question is whether the conduct which led to the blow was intentionally wrongful from the viewpoint of the law of torts. Such an interpretation comports with the intent of the exclusionary clause in a policy which insures against tort damages; it is consistent both with the public policy which forbids indemnification against wrongful acts and with the better reasoned authority.

143 Ariz. at 359, 694 P.2d at 189 (emphasis in original).

The intentional acts of John Handgis were wrongful under the law of torts and public policy, and the *Steinmetz–Clark* presumption applies. W. Prosser and W. Keeton, The Law of Torts § 12 at 18 (5th ed. Supp.1988) states the following:

But though the social context may make some questionable conduct tolerable, the same social context may make other acts especially outrageous. Sexual harassment on the job is undoubtedly an intentional infliction of emotional distress, for example, and harassment is probably more readily found in the acts of a supervisor than in the acts of acquaintances at a dinner party.

W. Prosser and W. Keeton cite *Ford v. Revlon,* 153 Ariz. 38, 734 P.2d 580 (1987), for this additional text. Continental cites *Ford* for the proposition that sexual harassment is not an accident; therefore, its policy defining occurrence as an accident does not cover John Handgis's conduct. We do not decide this case on that narrow argument because the facts of this case and the legal principles involved are broad enough to deny coverage, and it is not necessary to base this opinion on one word. We find support in *Ford* for our opinion denying coverage in this case in Justice Feldman's concurring opinion. Analogizing to his discussion regarding

workers' compensation coverage for sexual harassment, we conclude in the context of insurance coverage that the intentional torts alleged here are "torts that ought to be compensable only at the expense of the wrongdoer and only upon a showing of the requisite degree of culpability." 153 Ariz. at 49, 734 P.2d at 591.

■ In summary, we conclude that there is no coverage for an insured's intentional acts, wrongful under the law of torts, because contractual intent and public policy coincide to prevent an insured from acting wrongfully knowing his insurance company will pay the damages. John Handgis may have to pay the damages resulting from his wrongful conduct if the trier of fact rejects his defense of consent, but Continental is not obligated to indemnify him.

## NO REASONABLE EXPECTATION OF COVERAGE

■ Handgis argue that their intent was to purchase an insurance policy which would cover claims resulting from activities at their place of business and that they believed and expected the policy would cover any and all liability associated with the business. They argue that since claims of sexual assault and sexual harassment are real threats to business, they should have been covered. Their beliefs and expectations as stated are insufficient to support the use of the doctrine of "reasonable expectations." *See Darner Motors Sales, Inc. v. Universal Underwriters Ins. Co.,* 140 Ariz. 383, 682 P.2d 388 (1984). There is no evidence that Continental did or said anything to induce John Handgis into believing he would be covered for the intentional torts of sexual harassment, assault and battery, and intentional infliction of mental suffering. *Arizona Property & Casualty Ins. Guarantee Fund v. Dailey,* 156 Ariz. 257, 751 P.2d 573 (App.1987). No coverage was afforded by the policy for intended injuries, and it is unreasonable to expect coverage for intended wrongful acts.

In view of our opinion affirming the trial court judgment denying coverage, we need

not decide the remaining issues raised by Handgis.

Continental is awarded attorneys' fees on appeal, upon filing the proper affidavits pursuant to Ariz.R.Civ.App.P. 21(c), 17B A.R.S.

AFFIRMED.

ROLL, P.J., and FERNANDEZ, J., concur.