788 P.2d 121

**TWIN CITY FIRE INSURANCE COMPANY and Hartford Accident and Indemnity Company of the Hartford Insurance Group, Plaintiffs/Appellees/Cross–Appellants,**

v.

**Jane DOE; X, Y, and Z, the minor children of Jane Doe, Defendants/Appellants/Cross–Appellees.**

**2 CA–CV 89–0014.**

Court of Appeals of Arizona, Division 2, Department A.

Dec. 12, 1989.

Jones, Skelton & Hochuli by Georgia A. Staton, Phoenix, for plaintiffs/appellees/cross-appellants.

Haralson, Kinerk & Morey, P.C. by Dale Haralson, Tucson, for defendants/appellants/cross-appellees.

HOWARD, Judge.

This is an appeal from the granting of a summary judgment in a declaratory judgment action. The issue is whether the intentional acts exclusion in the insurance policies involved apply to alleged acts of child molestation. The trial court held that they did and we agree.

## I. PARTIES

Jane Doe is the former wife of John Doe. The other appellants are minor children and at the time of the alleged molestation were either foster children in the home of John Doe and Jane Doe or had been adopted by Jane Doe.

At all relevant times Jane Doe and John Doe were insured by a homeowner's policy issued by appellee Twin City Fire Insurance Company and an umbrella personal liability policy issued by Hartford Accident and Indemnity Company. Both policies contained exclusions for bodily injury that is "expected or intended" by the insured.

## II. FACTS

The record shows that John Doe allegedly committed fellatio and sodomy and other acts or molestation upon the minor children either during the time the parties were married or during a three-week period of separation. This led to a divorce and the filing of a lawsuit by appellants against John Doe in which they sought damages for negligent child molestation.

Both parties filed motions for summary judgment. In opposition to appellees' motion for summary judgment appellants relied on the testimony of Jane Doe where she stated that while John Doe intended to commit the acts of molestation he never intended that the children would be damaged. Appellants also relied on the testimony of Dr. Gloria Powell, M.D., director of the Child Sexual Abuse Program, Neuropsychiatric Institute at UCLA, wherein she stated that pedophiles do not have their contact with the intent or understanding that it will harm the child. It was also Dr. Powell's opinion that John Doe did not intend to harm the children. Appellants also rely on John Doe's answers to interrogatories in which he states that he did not intend to cause any harm to the children. The trial court granted appellees' motion for summary judgment and denied the appellants'. The trial court also denied appellees' request for attorney's fees. The latter denial form the basis of the cross-appeal.

## III. CONTENTIONS OF THE PARTIES

Appellants contend that the policy exclusion requires a subjective intent on the part of John Doe; that the intent to injure cannot be inferred from the acts;

and that the public policy of the State of Arizona supports their position. Appellees contend otherwise.

## IV. DISCUSSION

In *Transamerica Insurance Group v. Meere,* 143 Ariz. 351, 694 P.2d 181 (1984) the court held that if the conduct constitutes an intentional tort, and the law does not recognize any privilege for such conduct, then the basic intent to injure will be presumed and the exclusion will apply. The acts complained of here not only constituted the intentional tort of assault and battery, but they also constituted a crime. See A.R.S. § 13–1410 (molestation of a child). There is no privilege involved in any of the alleged misdeeds. Nor were his acts done under any claim of right recognized by law. Public policy does not mandate coverage. Instead, it mandates the opposite. As was noted in *Transamerica Insurance Group v. Meere,* supra:

> From a non-contractual standpoint, the cases have taken the position that the clause also articulates a public policy which forbids contracts indemnifying a person against loss resulting from his own willful wrongdoing. [citations omitted] These principles of contractual "intent" and public policy coincide; the provision is designed to prevent an insured from acting wrongfully with the security of knowing that his insurance company will "pay the piper" for the damages....

143 Ariz. at 356, 694 P.2d at 186. Department B of this Division has recently held that the exclusion applies in a sexual abuse case. See *Continental Ins. Co. v. McDaniel,* 160 Ariz. 183, 772 P.2d 6 (Ct.App.1988). We do not have to look to other jurisdictions to decide this case. However, we refer the interested reader to the West Virginia case of *Horace Mann Insurance Co. v. Leeber,* — W.Va. —, 376 S E.2d 581 (1988). It contains a comprehensive list of the various sexual abuse cases decided by the state appellate courts throughout the country which have decided the question of the application of the exclusion to sexual abuse cases. The overwhelming majority of these cases hold that intent to harm is inferred by the act itself and that the exclusion applies.

## V. CONCLUSION

When the intentional tort of child molestation is committed, the basic intent to injure will be presumed and the exclusion will apply.

## VI. THE CROSS–APPEAL

Twin City cross-appealed from the trial court's refusal to award attorney's fees. The trial court, in denying fees, stated, inter alia:

> \* \* \* \* \* \*

> The Court determines that the Defendant [Jane Doe] brought a legitimate action against Defendant [John Doe] and that, although this Court disagreed with the Defendants' position regarding the coverage issue, it was certainly a legitimate claim and presented a novel legal question for which there was support from other jurisdictions. Most clearly, an assessment of fees would cause an extreme hardship under the circumstances of this case and would also have a chilling effect on a party's right to bring a legitimate tort suit where there may be some question of coverage.

The trial court has broad discretion on deciding whether to award attorney's fees under A.R.S. § 12–341.01. *Associated Indemnity Corporation v. Warner,* 143 Ariz. 567, 694 P.2d 1181 (1985).

The record shows that appellant Jane Doe is divorced and is working as a drug and alcohol abuse counselor. She supports the minor appellants who range in age from eight to fourteen, two of whom are retarded and microcephalic (a condition where a child has a small head and a portion of his brain is missing) and one who is mildly retarded, learning disabled and emotionally handicapped.

We cannot gainsay the trial court's denial of attorney's fees.

Affirmed.

LIVERMORE, P.J., and HATHAWAY, J., concur.