797 P.2d 718

**STATE FARM FIRE AND CASUALTY CO., Plaintiff/Appellee/Cross–Appellant,**

v.

**John DOE, a minor, By and Through his next best friend and mother, Jane DOE, Defendant/Appellant/Cross–Appellee.**

**No. 2 CA–CV 90–0020.**

Court of Appeals of Arizona, Division 2, Department A.

April 19, 1990.

Review Denied Sept. 25, 1990.*

Ridenour, Swenson, Cleere & Evans by Lloyd J. Andrews and Eric B. Gonzalez, Phoenix, for plaintiff/appellee/cross-appellant.

Fred J. Pain, Jr., P.C. by Fred J. Pain, Jr., Scottsdale, and Dennis I. Davis, Show Low, for defendant/appellant/cross-appellee.

### OPINION

HOWARD, Judge.

This is an appeal from a judgment in an action for declaratory relief. The appellee (State Farm) has filed a cross-appeal which we shall treat as a cross-issue because State Farm is not seeking to enlarge any of its rights. See *White v. Pima County*, 161 Ariz. 90, 775 P.2d 1154 (App.1989).

In 1982, William Quebedeaux committed a series of child molestations upon John

* Moeller, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Doe. He was subsequently charged with child molestation and pled guilty to sexual abuse. On the day that he entered his plea, his wife shot and killed him. She was subsequently charged with first-degree murder, entered a plea to second-degree murder and was sentenced to prison.

John Doe filed this lawsuit against the Quebedeaux estate seeking damages for the injuries caused as a result of the molestations. State Farm then filed this action, seeking a declaratory judgment that it had no duty to indemnify or defend the Quebedeauxs under their homeowner's policy and "success protectors" policy.

The trial court, sitting without a jury, found that although Quebedeaux intended to molest the minor he did not possess the subjective intent to harm him. The trial court also found that, although the homeowner's policy was unambiguous and excluded coverage for intentional acts, the success protectors policy was ambiguous by describing an "occurrence" as being an "accident, including injurious exposure to conditions, which results, ... in personal injury...." The policy further defines personal injury as:

> (a) bodily injury, sickness, disease, shock, mental anguish or mental injury; (b) false arrest, false imprisonment, wrongful eviction, wrongful detention, malicious prosecution, or humiliation; (c) libel, slander, defamation of character or invasion of rights of privacy; (d) assault and battery.

Coverage L of the policy covers personal liability and states:

> This Company will indemnify the *Insured* for *ultimate net loss* which the *Insured* shall become legally obligated to pay as damages, ... because of *personal injury* ... to which this insurance applies, caused by an *occurrence....*

(Emphasis in original.) There is also the following exclusion in the policy:

> This insurance does not apply as respects Coverage L:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (b) to any act committed by or at the direction of the *Insured* with intent to cause *personal injury....*

(Emphasis in original.) The court then ruled that this ambiguity should be resolved in favor of the minor. However, the trial court also concluded that because of the strong public policy against compelling policy holders to bear the financial burden of compensating a victim for another's perverse sexual conduct, State Farm had no duty to defend or indemnify its insured.

Appellant contends the trial court erred because (1) the policy was ambiguous and should therefore be interpreted in his favor to provide coverage, and (2) insurance for intentional torts should be afforded when the insured cannot personally benefit from his wrongdoing.

In its cross-issue, State Farm contends that the trial court erred in finding the insurance policy ambiguous. Ambiguous terms in the contract of insurance ought to be strictly construed in favor of the insured in coverage, and against the insurer. *Roberts v. State Farm Fire & Casualty Co.*, 146 Ariz. 284, 705 P.2d 1335 (1985).

■ Appellant contends that the policy is ambiguous because the definition of "personal injury" conflicts with the exclusion of intentional torts. We do not agree. The policy provides coverage for personal injury which is caused by an occurrence, which is defined as an accident. An "accident" is an unexpected injury-causing event. *Brock v. Industrial Commission*, 15 Ariz. App. 95, 486 P.2d 207 (1971). An injury is caused by "accident" when either the external cause or the resulting injury itself is unexpected or accidental. *Firemen's Fund Insurance Co. v. Industrial Commission*, 119 Ariz. 51, 579 P.2d 555 (1978). See also *Farmers Insurance Company of Arizona v. Vagnozzi*, 138 Ariz. 443, 675 P.2d 703 (1983). Therefore, coverage is afforded under the policy for the personal injuries defined when either the external cause or the resulting injury was unexpected or accidental. However, when the intent to harm is present, the exclusion applies. See *Ladas v. Aetna Insurance Company*, 416 So.2d 21 (Fla.App.1982); *Employers Commercial Union Insurance Co. of America v. Kottmeier*, 323 So.2d

 

605 (Fla.App.1975); *Shapiro v. Glens Falls Insurance Co.*, 39 N.Y.2d 204, 383 N.Y. S.2d 263, 347 N.E.2d 624 (App.1976).

In the case of *Twin City Fire Insurance Company v. Doe*, 163 Ariz. 388, 788 P.2d 121 (App.1989),[1] we held that when the intentional tort of child molestation is committed, the basic intent to injure will be presumed and the exclusion will apply. We further held that public policy mandated that there be no coverage and that the exclusion be upheld. We adhere to this decision.

State Farm has asked for its attorney's fees on this appeal which, in the exercise of our discretion, we deny.

Affirmed.

ROLL, P.J., and HATHAWAY, J., concur.

1. This opinion was originally released as a memorandum decision in March 1989 and review was denied. Upon request of one of the parties, we vacated our memorundum decision and released it as a published opinion.