927 P.2d 815

**OHIO CASUALTY INSURANCE COM-PANY, a Foreign Corporation, Plaintiff/Appellee,**

v.

**Joel HENDERSON, a Single Individual, and Eric Hill and Sylvia Hill, Husband and Wife, as Surviving Parents of Padriac Hill, Defendants/Appellants.**

**No. 2 CA–CV 96–0122.**

Court of Appeals of Arizona,
Division 2, Department A.

May 28, 1996.

Review Granted Nov. 19, 1996.

Ridenour, Swenson, Cleere & Evans by Robert R. Beltz and Scott A. Holden, Phoenix, for Plaintiff/Appellee.

Begam, Lewis, Marks & Wolfe by Lisa Kurtz and Stanley J. Marks, Phoenix, for Defendants/Appellants.

*OPINION*

LIVERMORE, Judge.

Padriac Hill was murdered by one of three armed robbers. The parents of Hill made a claim against one of the robbers, Joel Henderson. Henderson was insured under the homeowner's policy of his parents. Plaintiff, Ohio Casualty Insurance Company, brought this declaratory action to determine whether liability under its policy was prevented by the exclusion for bodily injury "expected or intended by the insured." The parties stipulated that Henderson was not the killer and that he did not intend that Hill be shot. Nonetheless it was clear that Henderson was aware of the risk that a shooting could occur and that he was a willing participant in the armed robbery. The trial judge granted summary judgment to the insurer. We reverse.

▄▄ There is no evidence that Henderson "expected or intended" the injury caused Hill. The exclusion, therefore, does not apply. It is immaterial that Henderson voluntarily engaged in criminal conduct or that such conduct was reckless with respect to the risk of serious injury. The exclusion does not apply to criminal conduct or to recklessness. See generally *Phoenix Control Systems, Inc. v. Insurance Co. of North America,* 165 Ariz. 31, 796 P.2d 463 (1990); *Transamerica Ins. Group v. Meere,* 143 Ariz. 351, 694 P.2d 181 (1984); *Farmers Ins. Co. v. Vagnozzi,* 138 Ariz. 443, 675 P.2d 703 (1983); *Vanguard Ins. Co. v. Cantrell,* 18 Ariz.App. 486, 503 P.2d 962 (1972). That one is a co-conspirator does not, standing alone, make one liable for the foreseeable criminal acts of a co-conspirator. *State ex rel. Woods v. Cohen,* 173 Ariz. 497, 844 P.2d 1147 (1992). Even if it did, however, that would not establish that one intended a particular consequence.

The dissent is puzzling. If the issue were should homeowner's insurance cover armed robbers, we would agree with it. That, however, is not the issue with which we are presented. The insurer agrees that an

armed robber is covered unless the resulting bodily injury is "expected or intended." That a result is risked does not make it intended or expected. The exclusion at issue is a common one. If it is read to include risks of bodily injury, it might exclude coverage for recklessness such as is involved in a driving while intoxicated automobile accident. When the dissent conclusively presumes intent to injure, it is simply saying that it will treat as legally true what it knew to be factually false. This is done to save an insurance company from its own failure to exclude in policy language what it now wishes it had and to deprive an injured person of recompense.

Reversed.

CHARLES E. ARES, J. Pro Tem., concurs.

PELANDER, Presiding Judge, dissenting.

I respectfully dissent. Although the Arizona cases may be read to support the result reached by the majority, they do not compel it. Moreover, the result, it seems to me, is absurd.

The decedent, Padriac Hill, a supervisor at the cinema theater which Henderson and his two accomplices were robbing, was shot in the head and killed when he told the three robbers that he did not have the combination for the safe, but offered to obtain it by making a phone call. It was stipulated that Hill was shot with a gun Henderson gave one of his accomplices, a minor, during the robbery. To extend homeowner's insurance liability coverage to Henderson, who actively and willingly participated in the armed robbery and who furnished the loaded gun used to shoot and kill the victim, defies logic and common sense. That is particularly so in this case, in which the undisputed facts indicated that just nine days before this robbery/murder, Henderson and the same minor accomplice "committed a robbery at Picadilly Restaurant in which another victim was shot and killed." Under these circumstances, that the three robbers "specifically discussed not harming anyone at the theater with any of the weapons," or that "Henderson did not pull the trigger of the gun that killed Padriac Hill," should not control the insurance coverage determination.

In a case very similar to this, the Wisconsin Supreme Court concluded that "some type of bodily injury is so substantially certain to occur during the commission of an armed robbery that the law will infer an intent to injure on behalf of the insured actor without regard to his claimed intent." *Raby v. Moe,* 153 Wis.2d 101, 114–15, 450 N.W.2d 452, 457 (1990). As with the non-shooting, getaway car driver in that case, Henderson "must be held to know the substantial risk of injury inherent in his criminal wrongdoing and cannot expect his homeowners insurer to provide coverage for damages resulting from that wrongdoing simply by saying, after the fact, that he did not intend for any harm to result." *Id.* at 113, 450 N.W.2d at 456. *See also Continental W. Ins. Co. v. Toal,* 309 Minn. 169, 244 N.W.2d 121, 125–26 (1976); *Western Indem. Co., Inc. v. Alley,* 740 S.W.2d 372 (Mo.App.1987). It seems to me that reasoning and result are consistent with the notion, recognized in Arizona, that "[p]ublic policy forbids indemnifying a person for his own wilful wrongdoing." *Phoenix Control Sys., Inc. v. Insurance Co. of North America,* 165 Ariz. 31, 35, 796 P.2d 463, 467 (1990), *citing Transamerica Ins. Group v. Meere,* 143 Ariz. 351, 356, 694 P.2d 181, 186 (1984).

Arizona courts have precluded coverage based on inferred intent in cases where "the nature and circumstances of the insured's intentional act were such that harm was substantially certain to result," *Phoenix Control Sys.,* 165 Ariz. at 36, 796 P.2d at 468, or where public policy simply dictates that result. *See, e.g., Northern Ins. Co. v. Morgan,* 186 Ariz. 33, 918 P.2d 1051 (Ct.App.1995) (sexual harassment); *State Farm Fire & Cas. Co. v. Doe,* 165 Ariz. 179, 797 P.2d 718 (App. 1990) (child molestation); *Continental Ins. Co. v. McDaniel,* 160 Ariz. 183, 772 P.2d 6 (App. 1988); *Steinmetz v. National Am. Ins. Co.,* 121 Ariz. 268, 589 P.2d 911 (App. 1978) (blow to the face); *Clark v. Allstate Ins. Co.,* 22 Ariz.App. 601, 529 P.2d 1195 (1975). This is such a case. Armed robbery is a violent crime which, by its very nature, is "bound to cause *some* injury." *Meere,* 143 Ariz. at 355, 694 P.2d at 185. Therefore, it is "of no consequence that [the robber] may

have intended a different or lesser injury." *Id.*

Because Henderson's actions obviously were not "provoked, privileged, or justified," *Phoenix Control Sys.*, 165 Ariz. at 36, 796 P.2d at 468, and because "he commit[ted] an act calculated to cause some injury," *Meere*, 143 Ariz. at 357–58, 694 P.2d at 187–88, his intent to injure should be conclusively presumed or inferred.[1] Thus, it should be immaterial whether he subjectively intended or expected anyone to be shot during the course of his second armed robbery in nine days. In my view, Henderson "controlled the loss and thus fell within the category of risks which both the insurance contract and public policy consider uninsurable." *Meere*, 143 Ariz. at 358, 694 P.2d at 188. I would affirm the trial court's judgment.[2]

---

1. Henderson was not a mere co-conspirator, but rather an active principal in the armed robbery and quite possibly an accomplice to the murder. A.R.S. § 13–301; *State ex rel. Woods v. Cohen*, 173 Ariz. 497, 500–01, 844 P.2d 1147, 1150–51 (1992); *State v. Marchesano*, 162 Ariz. 308, 312–15, 783 P.2d 247, 251–54 (App. 1989). As such, he would be criminally accountable for the con-

duct of the killer, either as an accomplice or, if not, under the felony murder rule. A.R.S. § 13–303(A)(3); A.R.S. § 13–1105(A)(2).

2. If that would require overruling *Vanguard Ins. Co. v. Cantrell*, 18 Ariz.App. 486, 503 P.2d 962 (1972), so be it.