**SPRINT COMMUNICATIONS CO., L.P., Plaintiff,**

v.

**WESTERN INNOVATIONS, INC.; Haydon Building Corp., Defendants.**

**No. 06–cv–02064–PHX–ROS.**

United States District Court, D. Arizona.

Aug. 4, 2009.

Anthony J. Jorgenson, James J. Proszek, Hall Estill Hardwick Gable Golden & Nelson PC, Tulsa, OK, David Vincent Seyer, Law Offices of David V. Seyer, Tempe, AZ, for Plaintiff.

Stephen D. Hoffman, Denise Michelle Orourke, Lewis Brisbois Bisgaard & Smith LLP, Teresa Hayashi Wales, William H. Doyle, Doyle Berman Murdy PC, Phoenix, AZ, for Defendants.

## ORDER GRANTING ATTORNEYS FEES

ROSLYN O. SILVER, District Judge.

Before the Court is Cross–Claimant Haydon Building Corp.'s Motion for Award of Attorneys' Fees, Expert Fees and Costs, (Doc. 216) and Haydon's Supplemental Motion for the same (Doc. 300). For the reasons stated, Haydon's motions will be granted.

Haydon cross-claimed against co-defendant Western Innovations, Inc. for breach of Western's contractual duty to defend

Haydon in this action. (Doc. 80 at 11–12, 15.) This Court held that Western had a continuing duty to defend Haydon, and must indemnify Haydon for "the money it has already spent defending against this suit." (Doc. 211 at 17.) Subsequently, Haydon again tendered the defense to Western, but Western declined to take it up, and as a result Haydon continued to incur expenses in this suit. (Doc. 305 at 3.) Neither has Western yet paid for Haydon's earlier expenses. (Doc. 300.)

■ Accordingly, Haydon now seeks to recover all the expenses it has incurred in this suit. Western, however, argues that Haydon's request should be denied because it does not comply with this District's Local Rule of Civil Procedure 54.2. That rule imposes procedural requirements on requests for attorneys' fees. While there is neither commentary nor legislative history for this District's Local Rules of Civil Procedure, by its plain text L.R. Civ. 54.2 applies to "attorney's fees authorized by statute or by contract," and "does not apply to claims for attorneys' fees ... which may be recoverable as damages." L.R. Civ. 54.2. Haydon maintains the fees it seeks are damages arising from Western's breach of the contractual duty to defend, and that therefore L.R. Civ. 54.2 does not apply. (Doc. 306.) The threshold issue is whether Haydon is correct.

As an initial matter, while an Arizona statute does provide a basis for awarding attorneys' fees in some contract disputes, A.R.S. § 12–341.01, that statute is not the basis of the award here. A.R.S. § 12–341.01(A) gives courts discretion to award attorneys' fees even in the absence of contractual or statutory provisions authorizing such an award, but here the attorneys' fees were owed as a matter of right, not discretion. A.R.S. § 12–341.01(C) mandates an award of attorneys' fees when claims or defenses are groundless and brought in

bad faith, but here there was no bad faith. Therefore, Arizona's statutes do not authorize the award of the requested fees.

■ Additionally, Haydon's claims were not for fees Western was obliged to pay under the duty to defend found in the contract, because such a duty "is of necessity a current obligation ... to mount [a defense], render it, and fund it *now*." *MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 219 Ariz. 297, 197 P.3d 758, 764 (Ariz.Ct. App.2008) (emphasis in original). In this respect the duty to defend differs from indemnification, because the duty to defend "arises at the earliest stages of litigation and generally exists regardless of whether the [party to whom the duty is owed] is ultimately found liable." *Id.* 767. In contrast, indemnification only requires the indemnitor reimburse the indemnitee after the latter's legal obligation is established. *Id.*

As a result of Western's breach of its duty to defend Haydon, Haydon faced potential damages from an adverse judgment. Haydon was obliged to take reasonable steps to mitigate those damages. *See West Pinal Family Health Ctr. v. McBryde*, 162 Ariz. 546, 785 P.2d 66, 68 (Ariz.Ct.App.1989). Haydon could have chosen to settle, and Western could not have objected to the settlement even though Western would have had to ultimately pay it. *See Northern Ins. Co. of New York v. Morgan*, 186 Ariz. 33, 918 P.2d 1051, 1053 (Ariz.Ct.App.1995). Instead, Haydon mounted a defense, and since this was a reasonable and foreseeable method of mitigating Western's breach, Haydon is entitled to recover the actual cost of this reasonable mitigation as *damages*, not reimbursement. *See AROK Const. Co. v. Indian Const. Services*, 174 Ariz. 291, 848 P.2d 870, 877 (Ariz.Ct.App. 1993) (*citing* Restatement (Second) of Contracts § 347 (1981)). Because Haydon is

recovering these fees solely as damages, L.R. Civ. 54.2 does not apply.

Since L.R. Civ. 54.2 does not apply, Western's contentions that Haydon has not complied with the rule are moot. Additionally, Western may not now second-guess how Haydon conducted that defense or challenge the reasonableness of the resulting expenses: Western's right to control the conduct and cost of Haydon's defense was lost when Western refused the tender of that defense. This Court has examined Haydon's itemization of its costs for defending this suit and finds them reasonable. Accordingly,

**IT IS ORDERED** that Haydon's Motion for Attorneys' Fees, Expert Fees and Costs, (Doc. 216) as supplemented by Haydon's Supplemental Motion for the same (Doc. 300), is **GRANTED.**

**FURTHER ORDERED** that Western will pay Haydon **by September 22, 2009** the amount of $242,865.04 in expenses incurred in litigating this suit.