NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 3 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARTIS PROPERTY CASUALTY
COMPANY, a Pennsylvania company,

        Plaintiff-counter-defendant -
Appellee,

   v.

ROBERT ALPERT, Husband; HILLARY
ALPERT, Wife,

        Defendants-counter-claimants -
Appellants.

No. 13-16864

D.C. No. 2:11-cv-02067-SMM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, Senior District Judge, Presiding

Argued and Submitted November 19, 2015
San Francisco, California

Before: MELLOY,[**] IKUTA, and HURWITZ, Circuit Judges.

After he was sued by Eye Level Holdings, LLC ("ELH"), in Arizona state

court, Robert Alpert tendered the defense of the action to Chartis Property Casualty

---

[*]    This disposition is not appropriate for publication and is not precedent except
as provided by 9th Cir. R. 36-3.

[**]    The Honorable Michael J. Melloy, Senior Circuit Judge for the U.S. Court of
Appeals for the Eighth Circuit, sitting by designation.

Company ("Chartis") under his homeowner's and excess liability insurance policies. Chartis denied coverage and Alpert settled the suit. Chartis then filed this action in the District of Arizona, seeking a declaration that it had no duty to indemnify Alpert for the settlement. The district court granted summary judgment to Chartis. We have jurisdiction over Alpert's appeal under 28 U.S.C. § 1291, and affirm in part and dismiss in part.

**1.** The Chartis homeowner's policy excludes from coverage "[p]ersonal injury or property damage arising out of an insured person's business property or business pursuits," and the excess liability policy contains a virtually identical exclusion. "The exclusion of business liability, particularly in personal liability policies, removes coverage which is not essential to the purchasers of the policy and which would normally require specialized underwriting and rating, and thus help keep premium rates at a reasonable level." *Fimbres v. Fireman's Fund Ins. Co.*, 708 P.2d 756, 757-58 (Ariz. Ct. App. 1985). This is because "[b]usiness activities present additional risks over and beyond the ordinary and usual hazards to be found in the operation and maintenance of a home." *Kepner v. W. Fire Ins. Co.*, 509 P.2d 222, 223 (Ariz. 1973).

**2.** Under Arizona law, these provisions exclude from coverage any liability "originating from, having its origin in, growing out of, or flowing from, or in short, having incident or connection with" the insured's business pursuits. *Fimbres*, 708

2

P.2d at 757-58 (internal quotation marks omitted). Alpert claims that the communications for which the state court complaint sought to impose liability were "whistleblower" statements, not made to further his own businesses. But the district court correctly found that any liability for these statements, which sought to correct communications Alpert made while a consultant for ELH, had their origin in and were connected both with that prior employment, and with controversies arising out of Alpert's subsequent operation of businesses for which he hired former ELH personnel.

**3.** Because the business pursuits exclusions applied, Chartis had no duty to defend the state court litigation. *N. Ins. Co. of N.Y. v. Morgan*, 918 P.2d 1051, 1053-55 (Ariz. Ct. App. 1995) (holding insurer has no duty to defend if claim is within a policy exclusion). And, because Chartis did not breach its duty to defend, it also did not breach its duty to indemnify Alpert for the funds used to settle the state court case. *United Servs. Auto. Ass'n v. Morris*, 741 P.2d 246, 250 (Ariz. 1987); *Lennar Corp. v. Auto-Owners Ins. Co.*, 151 P.3d 538, 544 (Ariz. Ct. App. 2007).

**4.** Because Chartis did not unreasonably fail to defend or indemnify, Alpert's bad faith claim necessarily fails. *Nardelli v. Metro. Grp. Prop. & Cas. Ins. Co.*, 277 P.3d 789, 794-95 (Ariz. Ct. App. 2012).

**5.** Because the district court denied Chartis' attorneys' fee request without

prejudice to renewal after disposition of this appeal, we lack jurisdiction to review that order under 28 U.S.C § 1291.  *See Webb v. Ada Cty.*, 195 F.3d 524, 526 (9th Cir. 1999) (holding that the court did not have jurisdiction over the one remaining attorney's fees issue the magistrate judge did not address); 15B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3916 ("Final disposition of the merits is appealable notwithstanding failure to resolve demands for attorney fees, and separate appeal must be taken upon conclusion of the attorney fee dispute.").

**6.** In the exercise of our discretion, we decline to award Chartis its attorney fees on appeal pursuant to Arizona Revised Statutes § 12-341.01(A).  *Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (holding that "the statutory language is permissible," and a court is not required to "grant attorney's fees to the prevailing party in all contested contract actions") (alteration and internal quotation marks omitted).

**AFFIRMED IN PART, DISMISSED IN PART.**